**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MICHAEL CHIKA MEREMIKWU,** ) | |
| **#A77-477-380,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:06-CV-1627-M |
| ) | ECF |
| **ALBERTO GONZALES, et al.,** ) | |
| Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241, et seq.

Statement of Case: Petitioner, a citizen of Nigeria, is subject to an order of the Bureau of Immigration Appeals (BIA) dated October 11, 2005, ordering his removal to Nigeria. *See* Respondents' Appendix at 001-004. His appeal from the BIA order of removal is currently pending in the Fifth Circuit Court of Appeals. *Id.* at 006.[1]

---

[1] The pendency of the petition for review does not affect the finality of the removal order since the Fifth Circuit denied Petitioner's motion for stay of deportation pending judicial review on March 2, 2006. *See* No. 06-60072; *see also* 8 U.S.C. § 1231(a)(1) (removal period begins on the latest of the following: **(i)** The date the order of removal becomes administratively final; **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement).

At the time his petition was filed in this action, Petitioner was confined at the Rolling Plains Detention Center in Haskell, Texas, pending the receipt of travel documents requested from the Nigerian Consulate.  Subsequently on December 22, 2006, he was released from detention pursuant to an order of supervision.  *See* Respondents' Supplemental Response filed on December 28, 2006, Appendix at 1-8.  *See also* Pet's Notice of Change of Address filed on January 3, 2007, confirming the address identified on page 4 of the Appendix as his place of residence.

Findings and Conclusions:  As the sole relief sought in his petition filed on September 5, 2006, Petitioner requested an order requiring that he be released from further confinement in the custody of Immigration and Customs Enforcement (ICE).  In their Supplemental Response, Respondents moved to dismiss the petition on the basis that the relief requested became moot upon Petitioner's release from physical custody.  Petitioner's release from custody requires the Court to examine whether it has jurisdiction over the instant action.  *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).  Since Petitioner was released from Respondents' custody on an order of supervision, his only ground for habeas relief is now moot and this Court no longer has jurisdiction to consider his petition.

Petitioner's challenge to the order of supervision – raised for the first time in his reply filed on January 3, 2007 -- is not properly before the Court.  *Godwin Gruber, P.C. v. Lambert*,

2

2004 WL 813229, *2 (N.D. Tex. 2004) (citing *Ghoman v. New Hampshire Insurance Co.,* 159 F. Supp. 2d 928, 936 n. 9 (N.D. Tex. 2001) (argument presented for first time in reply brief will not be considered)). The Fifth Circuit also refuses to consider arguments raised for the first time in a reply, absent a manifest injustice. *Hopper v. Dretke*, 106 Fed. Appx. 221, 228 (5th Cir. 2004) (citing *Najarro v. First Fed. Sav. & Loan Ass'n,* 918 F.2d 513, 516 (5th Cir.1990); *see also United States v. Jackson*, 426 F.3d 301, *304 (5th Cir. 2005) (arguments raised for the first time in a reply brief, even by pro se litigants, are waived). Therefore, the Court should decline to address this argument.

Alternatively, even if Petitioner's challenge to the terms of supervision were considered, it is patently without merit. When an alien, subject to a final order of removal, is released on an order of supervision he remains subject to the conditions of supervised release set out in 8 U.S.C. § 1231(a)(3) and 8 CFR § 241.5 (2007). In the event he fails to comply with the conditions of release, he will be subject to criminal penalties, including further detention. 8 U.S.C. § 1253(b). *See Zadvydas v. Davis*, 533 U.S. 678, 695 (2001) ("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions"); *see also Clark v. Martinez*, 543 U.S. 371, 387-388 (2005) (applying *Zadvydas* standard and above quote to inadmissible aliens).[2]

---

[2]   8 U.S.C. § 1231(a) (3) reads as follows:

> If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien-
> **(A)** to appear before an immigration officer periodically for identification;
> **(B)** to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
> **(C)** to give information under oath about the alien's nationality, circumstances, habits,

The regulatory provisions set out at 8 CFR § 241.5(a) specify that an alien can be subjected to conditions of supervision including, but not limited to, the following:

> (1) A requirement that the alien report to a specified officer periodically and provide relevant information under oath as directed;
>
> (2) A requirement that the alien continue efforts to obtain a travel document and assist the Service in obtaining a travel document;
>
> (3) A requirement that the alien report as directed for a mental or physical examination or examinations as directed by the Service;
>
> (4) A requirement that the alien obtain advance approval of travel beyond previously specified times and distances; and
>
> (5) A requirement that the alien provide the Service with written notice of any change of address on Form AR-11 within ten days of the change.

The conditions of supervision to which Petitioner is presently subjected are reasonable and fall within the scope of 8 CFR § 241.5(a). Requiring Petitioner to report daily by telephone is sanctioned by the above regulation and not burdensome, even if Petitioner has to maintain a phone line that meets specific requirements. Likewise requiring Petitioner to report biweekly in person at ICE's office is within the scope of reasonable conditions. The fact that Petitioner and his family have to provide and pay for the requisite transportation does not render the condition unreasonable.[3]

Next Petitioner asserts that Respondents are "attempting to place an ankle monitor on Petitioner." While Petitioner must comply with electronic-monitoring-device procedure,

---

associations, and activities, and other information the Attorney General considers appropriate; and

**(D)** to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

[3] While posting a bond as a condition of supervision may be required under 8 CFR § 241.5(b), Petitioner was spared this requirement. (Respondent's Second Suppl. Response at 5).

Respondents have not required him to wear an ankle monitor or other such device. (Respondents' Second Suppl. Response at 5).  Therefore, the Court need not reach this issue at the present time.  *But see Nguyen v. B.I. Inc.*, 435 F.Supp.2d 1109 (D. Or. 2006) (Intensive Supervision Appearance Program (ISAP) regulations requiring participating aliens to remain in their residences between eight and 12 hours per day was not "detention" outside the statutory authority of the Immigration and Customs Enforcement (ICE) to impose reasonable restrictions on an alien's conduct or activities that the Secretary of Homeland Security prescribed for the alien; placement in ISAP was a form of supervision that used no physical restraints or surveillance, both of which were typical characteristics of detention, and even if ISAP were considered detention, it was less restrictive on participants than living in a federal detention center).

Lastly, Petitioner contends that he "has been informed that he will not be able to gain or engage [in] employment for four (4) months."  Employment authorization under 8 CFR § 241.5(c) is not only discretionary, but requires the officer authorized to issue the order of supervision to find that "[t]he alien cannot be removed in a timely manner," or that "[t]he removal of the alien is impracticable or contrary to public interest."  Petitioner has not alleged any facts in support of either of the above elements.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction the same being moot, and that Petitioner's claims -- raised for the first time in his reply -- challenging the conditions of the order of supervision (Docket #21) be DISMISSED, or in the alternative, be DENIED.

It is further recommended that Petitioner's motions for hearing and to appoint counsel (Docket #14) be DENIED.

A copy of this recommendation shall be mailed to Petitioner and counsel for Respondents.

Signed this 29th day of January, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.